UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

Sentry Insurance Company,

          Plaintiff,

      v.

Heart to Heart Health Care Services, LLC d/b/a Heart
to Heart Home Care; H2H GH Holdings, LLC;
H2H SA 104 Lionheart, LLC; H2H SA 2 Still Run,
LLC; H2H SA 4 Still Run, LLC; H2H SA 6 Still Run,
LLC; H2H SA 76 Highbridge, LLC;
H2H SA 77 Highbridge, LLC; H2H SA 8 Still Run,
LLC; H2H SA 90 Highbridge, LLC;
H2H SA 99 Lionheart, LLC; H2HHC GH996, LLC;
H2HHC GH1025, LLC; H2HHC GH1107, LLC;
H2HHC GH1930, LLC; H2HHC GH2051, LLC;
H2HHC GH2105, LLC; H2HHC GH2150, LLC;
H2HHC GH2151, LLC; H2HHC GH219, LLC;
H2HHC GH2247, LLC; H2HHC GH2248, LLC;
H2HHC GH2347, LLC; H2HHC GH2348, LLC;
H2HHC GH2443, LLC; H2HHC GH2444, LLC;
H2HHC GH2468, LLC; H2HHC GH2523, LLC; and
433 Woodbury, LLC,

          Defendants.

Case No. 26-cv-640

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

Sentry Insurance Company ("Sentry Insurance"), by and through its attorneys Godfrey &

Kahn S.C., alleges the following for its Complaint against: Heart to Heart Health Care Services,

LLC d/b/a Heart to Heart Home Care; H2H GH Holdings, LLC; H2H SA 104 Lionheart, LLC;

H2H SA 2 Still Run, LLC; H2H SA 4 Still Run, LLC; H2H SA 6 Still Run, LLC; H2H SA 76

Highbridge, LLC; H2H SA 77 Highbridge, LLC; H2H SA 8 Still Run, LLC; H2H SA 90

Highbridge, LLC; H2H SA 99 Lionheart, LLC; H2HHC GH996, LLC; H2HHC GH1025, LLC;

H2HHC GH1107, LLC; H2HHC GH1930, LLC; H2HHC GH2051, LLC; H2HHC GH2105,

LLC; H2HHC GH2150, LLC; H2HHC GH2151, LLC; H2HHC GH219, LLC; H2HHC

GH2247, LLC; H2HHC GH2248, LLC; H2HHC GH2347, LLC; H2HHC GH2348, LLC;

H2HHC GH2443, LLC; H2HHC GH2444, LLC; H2HHC GH2468, LLC; H2HHC GH2523, LLC; and 433 Woodbury, LLC (collectively the "Heart Group").

## INTRODUCTION

1.     This case arises from a simple but material breach of contract.  Sentry Insurance has kept its promises.  The Heart Group has not.

2.     Pursuant to the parties' various agreements over the years, Sentry Insurance issued workers' compensation insurance coverage to the Heart Group.  In exchange for this coverage, the Heart Group agreed to satisfy its contractual payment obligations.

3.     Sentry Insurance has fully performed.  It has provided, and continues to provide, insurance coverage for claims submitted under the policies issued to the Heart Group.  Yet, despite having received the benefit of insurance coverage for numerous years, the Heart Group now refuses to pay what it owes Sentry Insurance.

4.     Sentry Insurance brings this action to enforce its agreements with the Heart Group and recover monies it is rightfully owed.

## PARTIES

5.     Sentry Insurance is a domestic insurance company organized under the laws of Wisconsin with its principal place of business at 1800 N. Point Drive, Stevens Point, Wisconsin 54481.  Sentry Insurance is a citizen of Wisconsin for purposes of 28 U.S.C. § 1332.

6.     Heart to Heart Health Care Services, LLC d/b/a Heart to Heart Home Care ("Heart to Heart") is a limited liability company organized under the laws of New Jersey with its principal place of business at 576 Central Avenue, Suite 301, East Orange, New Jersey 07018.

7.     The members of Heart to Heart are Shiggy Rosenberg and EMS Equities, LLC. Shiggy Rosenberg is a citizen of New Jersey.  EMS Equities, LLC's members are

2

Moshe Rosenberg and Cipi Rosenberg, both of whom are citizens of New Jersey. Accordingly, Heart to Heart is a citizen of New Jersey for purposes of 28 U.S.C. § 1332.

8. H2H GH Holdings, LLC; H2H SA 104 Lionheart, LLC; H2H SA 2 Still Run, LLC; H2H SA 4 Still Run, LLC; H2H SA 6 Still Run, LLC; H2H SA 76 Highbridge, LLC; H2H SA 77 Highbridge, LLC; H2H SA 8 Still Run, LLC; H2H SA 90 Highbridge, LLC; H2H SA 99 Lionheart, LLC; H2HHC GH996, LLC; H2HHC GH1025, LLC; H2HHC GH1107, LLC; H2HHC GH1930, LLC; H2HHC GH2051, LLC; H2HHC GH2105, LLC; H2HHC GH2150, LLC; H2HHC GH2151, LLC; H2HHC GH219, LLC; H2HHC GH2247, LLC; H2HHC GH2248, LLC; H2HHC GH2347, LLC; H2HHC GH2348, LLC; H2HHC GH2443, LLC; H2HHC GH2444, LLC; H2HHC GH2468, LLC; H2HHC GH2523, LLC; and 433 Woodbury, LLC (collectively the "H2H Entities") are limited liability companies organized under the laws of New Jersey with principal places of business at 576 Central Avenue, Suite 301, East Orange, New Jersey 07018.

9. The sole member of H2H SA 104 Lionheart, LLC; H2H SA 2 Still Run, LLC; H2H SA 4 Still Run, LLC; H2H SA 6 Still Run, LLC; H2H SA 76 Highbridge, LLC; H2H SA 77 Highbridge, LLC; H2H SA 8 Still Run, LLC; H2H SA 90 Highbridge, LLC; H2H SA 99 Lionheart, LLC; H2HHC GH996, LLC; H2HHC GH1025, LLC; H2HHC GH1107, LLC; H2HHC GH1930, LLC; H2HHC GH2051, LLC; H2HHC GH2105, LLC; H2HHC GH2150, LLC; H2HHC GH2151, LLC; H2HHC GH219, LLC; H2HHC GH2247, LLC; H2HHC GH2248, LLC; H2HHC GH2347, LLC; H2HHC GH2348, LLC; H2HHC GH2443, LLC; H2HHC GH2444, LLC; H2HHC GH2468, LLC; H2HHC GH2523, LLC; and 433 Woodbury, LLC is H2H GH Holdings, LLC, a limited liability company with its principle place of business in New Jersey.

3

10.     H2H GH Holdings, LLC's sole member is EMS Equities, LLC.  EMS Equities, LLC's members are Moshe Rosenberg and Cipi Rosenberg, both of whom are citizens of New Jersey. Accordingly, the H2H Entities are all citizens of New Jersey for purposes of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Sentry Insurance and all the defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

12.     This Court has personal jurisdiction over all the defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(a) and Wis. Stat. § 801.05(5)(a)-(b) because all the defendants entered into contracts with Sentry Insurance, a citizen of Wisconsin, and Sentry Insurance's claims arise from services performed in Wisconsin and the defendants' obligations to make payments under the parties' relevant contracts.

13.     Venue is proper because the parties agreed in the contracts' forum-selection provisions that any actions arising out of or relating to the contracts shall be brought in this District.

14.     Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Sentry Insurance's claims occurred in this District, including the administration of the parties' contractual relationships, the issuance and administration of insurance policies, and the performance of Sentry Insurance's obligations under the parties' contracts.

**FACTUAL ALLEGATIONS**

## I. Workers' Compensation Policies

15.     Sentry Insurance offers workers' compensation insurance products.  Its workers' compensation insurance policies ("Workers' Compensation Policies") often contain deductible endorsements, whereby insureds agree to pay deductibles.

16.     Under its Workers' Compensation Policies, Sentry Insurance is generally responsible for investigating, adjusting, administering, and paying covered workers' compensation claims.

17.     If a policy has a deductible endorsement, however, Sentry Insurance is entitled to reimbursement from the insured for claim payments made by Sentry Insurance, up to the specified deductible amount.

18.     For example, if a Workers' Compensation Policy has a deductible of $250,000, Sentry Insurance is entitled to reimbursement from the insured of claim payments made by Sentry Insurance up to $250,000.

19.     To protect against the credit risk created by the fact that Sentry Insurance must pay claims before receiving reimbursement from the insured, Sentry Insurance enters into a Casualty Insurance Agreement ("CIA") with each insured for each respective policy year.  The CIAs require the insureds to post security for their reimbursement obligations to Sentry Insurance.

## II. The Agreements

20.     Between 2019 and 2021, Sentry Insurance issued three annual Workers' Compensation Policies to Heart to Heart (the "Sentry Policies").

21.     For each of those same three policy years, Sentry Insurance and Heart to Heart also entered into CIAs (the "Agreements").

22.     The H2H Entities, as identified in the applicable Agreement for each policy year, also agreed to be jointly and severally liable for all obligations under those Agreements.

23.     The Agreements define "Obligations" as the Heart Group's responsibility to pay, "whether now or in the future, all amounts due or as estimated by [Sentry Insurance] in accordance with the Sentry Policies and this Agreement."  *See* Agreements § 1.01.

24.     To secure the Heart Group's Obligations, the Heart Group was required to provide and maintain security for the benefit of Sentry Insurance (the "Security").

25.     Pursuant to the Agreements, the Heart Group was required to deposit $11,000 with Sentry Insurance, which was to be used to pay loss and expense payments within the Heart Group's deductible (the "Loss Fund").  *See* Agreements § 2.06.

26.     The Agreements also required the Heart Group to maintain and provide Sentry Insurance with a letter of credit in the amount of $275,000 (the "Letter of Credit").  *See* Agreements § 4.02.

27.     The Agreements also state that:

> [The Heart Group] will continue to provide [Sentry Insurance] with Security, if any, in conformity with this Agreement as security for the payment of the Obligations until [Sentry Insurance] has determined that there is no longer any need for such Security, at which time [Sentry Insurance] will promptly release the Security. [The Heart Group] recognize[s] that [Sentry Insurance] may continue to require Security as security for the payment of the Obligations after any cancellation, nonrenewal, or replacement of any of the Sentry Policies.

28.     The Agreements note that the Security may increase or decrease based on actuarial or underwriting data.  *See* Agreements § 4.04(1).

29.     The Agreements also define certain events that constitute a default, including the following:

>               …

c. In the event any of [the Heart Group] (i) fail[s] to timely provide the Security as required herein or as requested by [Sentry Insurance], (ii) fail[s] to maintain same as required by [Sentry Insurance], or (iii) fail[s] to adjust the form of or increase the amount of cash deposit or other security as requested by [Sentry Insurance], in each case by the due date or if not such stated date, within ten (10) calendar days of [Sentry Insurance's] request

d. In the event any of [the Heart Group] fail[s] to maintain the Loss Fund under th[ese] Agreement[s], as adjusted from time to time by [Sentry Insurance].

…

f. Failure of any of the [Heart Group] to make any payment under th[ese] Agreement[s] or any Sentry Policy when due including payment to any claims service company or to an account for funding loss payments.

…

h. Any [Heart Group member's] breach of any duty or provision of this Agreement or any other agreement between [the Heart Group] and [Sentry Insurance]. . . .

…

30. In the event of default, Sentry Insurance is able to, at its discretion, "make a determination of the Obligations and declare the entire amount of the Obligations, whether liquidated, determined, contingent or estimated immediately due and payable[.]" *See* Agreements § 7.01(b).

31. Moreover, in the event of litigation to recover any of the Obligations, Sentry Insurance has the right to recover its costs of collection, including, but not limited to, its attorney's fees. *See* Agreements § 7.02(h).

**III. The Heart Group Ignores Its Obligations**

32. Beginning in 2025, the Heart Group stopped paying invoices owed to Sentry Insurance as part of its Obligations.

7

33. The Heart Group asserted that it had no Obligations remaining under the Agreements because it no longer had any current insurance policies with Sentry Insurance.

34. The Heart Group has thus far refused to pay invoices totaling approximately $116,754.

35. Additionally, claims have continued to be filed under the Sentry Policies and Sentry Insurance has continued to handle and pay them as necessary.

36. Sentry Insurance has now used the entire $275,000 of the Letter of Credit to pay covered claims, and claims continue to be filed.

37. Sentry Insurance's actuaries have determined that the Heart Group's Obligations, under the Agreements, for anticipated claims under the Sentry Policies, will be $489,941.

38. In a letter dated June 29, 2026, Sentry Insurance demanded payment from the Heart Group of all its Obligations for all present and anticipated claims as permitted by the Agreements. The total amount owing is $606,695.

39. The Heart Group has not paid that amount.

## COUNT I: BREACH OF CONTRACT

40. Sentry Insurance incorporates by reference paragraphs 1 through 40 as though fully set forth here.

41. The Agreements are valid and binding contracts.

42. Sentry Insurance has declared all present and future Obligations immediately due pursuant to its rights under the Agreements.

43. The Heart Group has materially breached the Agreements by failing to pay the Obligations due under the Agreements.

44.    As a direct result of the Heart Group's material breaches, Sentry Insurance has suffered damages of at least $606,695, exclusive of interest, attorney's fees, or court costs, which it is entitled to recover from the Heart Group.

45.    Under the Agreement, Sentry Insurance is entitled to all costs associated with collecting the Heart Group's Obligations, including its attorney's fees.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Sentry Insurance requests the following relief against the Heart Group as follows:

1.    A judgment against Heart to Heart in the principal amount of at least $606,695, plus interest at the legal rate until paid.

2.    A judgment against each additional defendant for all amounts due and owing under their particular Agreement.

3.    An award of Sentry Insurance's attorneys' fees and costs as allowed by the Agreements; and

4.    Any other relief this Court deems just and equitable.

Dated: July 15, 2026

GODFREY & KAHN, S.C.

By: *s/ Wilfredo O. Najarro*
    Kendall W. Harrison
    State Bar No. 1023438
    Wilfredo O. Najarro
    State Bar No. 1122518
    One East Main Street, Suite 500
    P.O. Box 2719
    Madison, WI 53701-2719
    Phone:  608-257-3911
    Fax:  608-257-0609
    kharrison@gklaw.com
    wnajarro@gklaw.com

*Attorneys for Sentry Insurance Company*

38484665

10